IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK D. MCCOLLUM, III,      § | | |
|     Plaintiff,              § | | |
| § | | |
| v.                                        § | No. 3:18-cv-1778-L (BT) | |
| § | | |
| LUPE VALDEZ, *Dallas County Sheriff*, § | | |
|     Defendant.              § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings, conclusions, and recommendation of the magistrate judge follow:

I.

Plaintiff, a state prisoner, filed this civil action under 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. Defendant is former Dallas County Sheriff Lupe Valdez. The Court has not issued process pending judicial screening.

In 2015, Plaintiff was convicted of aggravated sexual assault of a child in Dallas County, Texas, cause number F11-133471. He was sentenced to deferred adjudication probation. The State subsequently filed a motion to adjudicate guilt and, following a hearing, Plaintiff was adjudged guilty and sentenced to fifteen years in prison.

Plaintiff claims that on the first day of trial, he received a double dose of his medication which caused him to overdose and have a stroke. He states he was

1

placed in a psychiatric holding tank and was transported to court each day in a wheel chair. Plaintiff claims Sheriff Valdez failed to notify the court of his medical problems, which cause him to be convicted while he was mentally impaired.[1] He also claims Defendant Valdez ordered the interception of a grievance he filed with the FBI, denied him community-based treatment, and failed to provide batteries for his hearing aids during trial. By this lawsuit, Plaintiff seeks injunctive and declaratory relief "to abate all consequences" of his conviction, (ECF No. 9 at 2), money damages for wrongful imprisonment and loss of his business, and access to medical treatment and therapy.

## II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, The malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

---

[1] Plaintiff states that due to his mental impairment, he did not become aware of this claim until January 2017, when he received a copy of his medical records showing that he was given anti-stroke medication and was placed in psychiatric confinement. (ECF No. 3 at 6.)

2

Under 28 U.S.C. § 1915(e), a district court also may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

Plaintiff's claims challenging his conviction and the revocation of his probation are barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question be a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

3

*Id.* at 486-87. *Heck* also bars claims for declaratory or injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's conviction. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Here, a ruling in Plaintiff's favor on the claims pled would necessarily imply the invalidity of the revocation of his probation and adjudication of guilt.

Further, although Plaintiff claims the Fifth Circuit has called his conviction into question, this claim is not accurate. Plaintiff filed a petition for a writ of habeas corpus directly with the Fifth Circuit, and the Fifth Circuit transferred the petition to the Southern District of Texas where Plaintiff was incarcerated. *See In re Frank D. McCollum*, III, No. 17-11251 (5th Cir. Apr. 27, 2018) (per curiam). On August 2, 2018, the Southern District of Texas dismissed the habeas petition for failure to exhaust state remedies. *See McCollum v. Davis*, No. 3:18-cv-186 (S.D. Tex. Aug. 2, 2018). Plaintiff's claims therefore lack any basis in law and should be dismissed as frivolous until Plaintiff can show he satisfies the conditions set forth in *Heck*.

IV.

Plaintiff also claims Defendant intercepted his FBI grievance, did not provide hearing aid batteries during trial which denied him access to the courts, and failed to provide him with community-based treatment. Plaintiff does not explain the community-based treatment, or how the denial of this treatment violated his constitutional rights. He also does not explain why he believes his

4

FBI grievance was intercepted, what allegations were in the grievance, or whether he pursued his grievance. These conclusory claims should be dismissed.

Further, Plaintiff has failed to show a denial of access to the courts. To state a claim that his constitutional right of access to the courts was violated, a plaintiff must show he was actually prejudiced. *Lewis v. Casey*, 518 U.S. 342, 349-51 (1996). The plaintiff must identify a nonfrivolous, arguable underlying claim that he has been unable to pursue. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis v. Casey*, 518 U.S. at 353). Plaintiff has failed to allege any claim that he or his defense counsel was unable to pursue due to the lack of batteries. His claim should be dismissed.

Finally, Plaintiff states he seeks access to medical treatment and therapy related to his stroke. Plaintiff, however, is no longer incarcerated in the Dallas County Jail, and he has failed to show that Defendant has any authority to order Plaintiff's medical treatment at his current prison unit in Rosharon, Texas. This claim should therefore be dismissed.

V.

Plaintiff's claims challenging his conviction or the revocation of his probation be dismissed with prejudice until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met, and Plaintiff's remaining claims be dismissed as frivolous.

Signed December 26, 2018.

                                                      _____
                                                      REBECCA RUTHERFORD
                                                      UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).