IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK D. MCCOLLUM, III, | § | |
|     Plaintiff, | § | |
| v. | § | No. 3:18-cv-1778-L (BT) |
| | § | |
| LUPE VALDEZ, | § | |
| *Dallas County Sheriff*, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The Fifth Circuit Court of Appeals remanded this case for the Court to determine whether Plaintiff Frank D. McCollum, III, filed his notice of appeal on or before June 20, 2019. For the following reasons, the Court should find that McCollum timely filed his notice of appeal on or before June 20, 2019.

On May 21, 2019, the District Court entered a final judgment in this case. (ECF No. 16.) Under Fed. R. App. P. 4(a)(1)(A), a plaintiff has 30 days from the entry of judgment to file his notice of appeal. McCollum, therefore, was required to file his notice of appeal no later than June 20, 2019. McCollum mailed his notice of appeal to the Fifth Circuit, but did not date his notice of appeal. The notice of appeal was postmarked June 24, 2019, and the Fifth Circuit received it on June 26, 2019.[1]

A prisoner's filing is generally considered filed on the date he deposits the filing in the prison's internal mail system. *See* Fed. R. App. P. 4(c)(1). On December

---

[1] The Fifth Circuit forwarded the notice of appeal to this Court.

6, 2019, the Court ordered the Attorney General to produce the mail logs for McCollum's prison unit from May 21, 2019 through June 25, 2019. The mail logs showed that on June 24, 2019 and June 25, 2019 McCollum delivered mail to his prison unit mailroom that was addressed to the Fifth Circuit. (ECF No. 24-1 at 4-5.) The mail logs reflected that McCollum did not send any other mail to the Fifth Circuit during this time.

On December 10, 2019, the Court entered Findings, Conclusions, and a Recommendation that the Court find McCollum did not timely file his notice of appeal. (ECF No. 25.) McCollum filed objections to the Findings, Conclusions, and Recommendation arguing he mailed his notice of appeal on June 19, 2019, and that his prison law library would have evidence of his timely filing. (ECF No. 28.) McCollum also stated he obtained a certificate of his trust fund account on June 19, 2019, to be included with his notice of appeal. McCollum's certificate of trust fund account is dated June 19, 2019. (ECF No. 18.) McCollum included a declaration that his objections were true and correct and were signed under penalty of perjury.

McCollum also submitted a declaration from Inmate Peter J. Ellington. (ECF No. 32.) Ellington stated he assisted McCollum in preparing his notice of appeal, and that McCollum delivered his notice of appeal to prison officials for mailing on June 19, 2019. (*Id.* at 2.)

On January 30, 2020, the Court ordered the Attorney General to respond to McCollum's objections. (ECF No. 30.) On March 2, 2020, the Attorney General filed a response and attached the law library records reflecting that McCollum bought a stamp on June 19, 2019. (ECF No. 33.) The Attorney General, who is not a party to this lawsuit, did not allege that McCollum's notice of appeal was mailed after June 20, 2019.

In view of this evidence, the Court should find that McCollum timely filed his notice of appeal on or before June 20, 2019.

Signed March 16, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).